IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

*KNL Construction, Inc.*            :

   *Plaintiff,*                     : *Case No. 3:14-CV-412-UN2*

   *v.*                             : *(Judge Richard P. Conaboy)*

*Killian Construction Co., Inc.*    :

   *Defendant.*                     :

_____

**Memorandum**

We consider here a Motion to Dismiss (Doc. 7) the instant case by Defendant Killian Construction Company, Inc. ("Killian"). That motion has been fully briefed (Doc. 8, 9 and 10) by the parties and is ripe for disposition.

**I.  Background.**

This case is a dispute between a general contractor, Defendant Killian, and one of its subcontractors, Plaintiff KNL Construction, Inc., that arises from the construction of the Mohegan Sun Hotel in Luzerne County. The case was filed initially in the Luzerne County Court of Common Pleas by Complaint dated January 29, 2014. On March 5, 2014, Killian removed the case to this Court on diversity grounds. (Doc. 1). Killian's motion to dismiss is based upon a forum selection clause in the contract at issue that directs that disputes thereunder must be litigated in Missouri.

1

## II. Standard of Review.

The seminal question courts normally must answer in deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure - - whether the Plaintiff has adequately articulated the elements of a claim upon which relief might be granted - - need not be addressed here.  The sole issue to be decided is whether venue of this matter appropriately resides with this Court.[1]  The parties have confined their arguments to the question of venue.

Our circuit has determined that dismissal of an action may be proper when a forum selection clause designates another court as the exclusive venue for litigation.  Salovaara v. Jackson National Life Insurance Company, 246 F.3d 289, 298-99 (3d. Cir. 2001).  It has also been held that a Rule 12(b)(6) dismissal is the proper means to enforce a forum selection clause. Walstreet Aubrey Golf, LLC v. Aubrey, 189 F. Appx. 82, 84 at n.1 (3d. Cir. 2006).

Atlantic Marine Construction Company, Inc. v. U.S. District Court for the Western District of Texas, 134 S.Ct. 568 (2013) holds that a forum selection clause that directs litigation to a specific forum within the federal court system is properly enforced through the doctrine of forum non conveniens as codified at 28 U.S.C. §

---

[1] The briefs submitted by the parties contain no argument regarding whether Plaintiff has adequately pled the elements of a breach of contract action.

1404 (a).  Atlantic Marine, supra, at 580.[2] The agreed upon intention of the parties as expressed through a forum selection clause is entitled to great weight. Id. at 581.  Also, in the context of a 1404 (a) motion, "Congress has replaced the traditional remedy of outright dismissal with transfer."  Id. at 580. (citing to Sinochem International Company v. Maylaysia International Shipping Corp., 549 U.S. 422, 430; 127 S.Ct. 1184 (2007).

The ordinary forum non conveniens analysis involves an assessment of various private interests such as the convenience of the parties and witnesses. However, in determining the validity of a forum selection clause, the Plaintiff's choice of forum and all private interest considerations become irrelevant and the Court may consider public-interest factors only.  Atlantic Marine, supra, at 581-82.  It has been held that a forum selection clause agreed to by parties in an arms-length negotiation is entitled to "controlling weight in all but the most exceptional cases." Stewart Organization, Inc. V. Ricoh Corp., 487 U.S. 22, 33; 108 S.Ct. 2239 (1988).

---

[2] While Killian's motion to dismiss is based on Rule 12(b)(6), Killian has sought, in the alternative, transfer pursuant to § 1404(a). (Doc. 10 at 11-16).  The Atlantic Marine Court declined to consider whether a defendant in a breach of contract suit could obtain dismissal under Rule 12(b)(6) when the Plaintiff files suit in a forum other than the one specified by the parties in a forum selection clause.  Yet, the entire thrust of Atlantic Marine is that forum selection clauses are entitled to great deference and that courts should enforce them in all but the most extraordinary cases.

**III. Discussion.**

    **A.   Killian's Motion to Dismiss**

The forum selection clause in the parties' contract provides:

> Governing Law; Venue.  This Subcontract Agreement and the rights and duties of all persons arising from or related to this Subcontract Agreement shall be governed by the laws of the State of Missouri.  Any dispute arising under or related to this Subcontract Agreement, the performance of work or the provision of any materials pursuant hereto, shall be brought only in state court in Greene County, State of Missouri, or if federal jurisdiction is applicable, in the U.S. District Court for the Western District of Missouri, Southern Division.

Doc. 1-2, Exhibit 1, ¶ 16.  The language of the forum selection clause at issue here is without ambiguity and clearly provides that these parties agreed that any disputes related to the contract at issue would be litigated in the U.S. District Court for the Western District of Missouri so long as federal jurisdiction, which is undisputed here, is applicable.

    Plaintiff KNL argues that, clear as the above-referenced forum selection clause may be, it is nonetheless unenforceable because a Pennsylvania Statute, the Contractor and Subcontractor Payment Act,

4

73 P.S. § 501 et seq ("CASPA") categorically renders invalid all forum selection clauses. (Doc. 9 at 6-10). Plaintiff cites a variety of cases for this proposition, notably Sauer Inc. v. Honeywell Building Solutions SES Corp., 742 F.Supp. 2d. 709 (WD Pa. 2010), and Stivanson v. Timberline Post and Beam Structures, 947 A2d. 1279 (Pa. Super. 2008). (Doc. 9 at 7-8). Plaintiff neglects to mention, however, that the question of proper venue in the context of a forum selection clause is determined by federal procedural law. Jumara v. State Farm Insurance Co., 55 F.3d 873, 877. Moreover, the cases relied upon by Plaintiff predate the pivotal decision in Atlantic Marine, supra.[3]

Atlantic Marine speaks directly to the situation in this case by providing that a forum selection clause may be annulled only when compelling public-interest considerations are present. Atlantic Marine at 582. These cases will be uncommon. Id. Moreover, where, as here, the Plaintiff defied the parties' forum selection clause by filing in a non-chosen forum, the Plaintiff "bear[s] the burden of showing that public-interest factors overwhelmingly disfavor a transfer." Id. at 583. KNL's argument (Doc. 9 at 9-11) that CASPA necessarily trumps an unambiguous forum selection clause because it amounts to a public-interest factor of overwhelming magnitude is not supported by relevant, post Atlantic

---

[3] The parties both recognize that Atlantic Marine is the pivotal case affecting this Court's decision and have briefed their differing interpretations of that case.

Marine caselaw.[4]  Indeed, for this Court to hold that a Pennsylvania statute could negate the venue requirements of federal procedural law would ignore the well-settled principle that a federal court exercising diversity jurisdiction must apply federal procedural law.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d. Cir. 2000).[5]

KNL also argues that public-interest factors that may result in the nullification of a forum selection clause include: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." (citations omitted)(Doc. 9 at 9).  Nevertheless, KNL has made no showing that an administrative difficulty with court congestion exists in the forum specified by the contract.  Similarly, the current controversy is "localized" in Missouri as well as Pennsylvania and the Defendant has at least as good a reason for wanting this case litigated in Missouri as does the Plaintiff for wanting it litigated in Pennsylvania.  Finally, there is no indication that this breach of contract action contains questions so arcane that it could not be as easily addressed by the

---

[4] On the other hand, Killian has brought to the Court's attention a closely analogous, post Atlantic Marine decision that deferred to the parties' stated intentions in a forum selection clause. See Wolf v. TBG Limited, No. 13-3315, 2014 WL 325637 (E.D. Pa. January 28, 2014).

[5] It should be noted that this principle is acknowledged in Sauer, supra at 714, one of the primary cases upon which Plaintiff relies.

parties' contractually chosen forum as by this Court.

Where, as here, there is an issue of Pennsylvania law (that being whether CASPA's blanket preclusion of forum selection clauses constitutes a compelling interest of the Commonwealth of Pennsylvania)to be decided, a federal court must resolve it by considering decisions of federal courts applying Pennsylvania law, other Pennsylvania decisions or decisions rendered in other jurisdictions that speak to similar issues.  Norfolk Southern Railway Co. v. Basell USA, Inc., 512 F.3d 86, 91-92 (3d.Cir. 2008). Having reviewed the various decisions relied upon by the parties, the Court finds most persuasive a decision by the U.S. District Court for Maryland that speaks directly to the nature and substantiality of Pennsylvania's interest in negating contractual provisions that require Pennsylvania litigants to litigate claims in foreign venues.  See Whiting-Turner Contracting Co. v. Westchester Fire Ins. Co., 2013 WL3177881 (D. Md.).  Whiting-Turner analyzed a situation in which a Pennsylvania litigant argued that a forum selection clause mandating litigation be conducted in Maryland violated Pennsylvania's public policy as expressed in CASPA and sought transfer of the action to Pennsylvania.  The Maryland District Court concluded that, because Pennsylvania Courts routinely enforce forum selection clauses that require litigation in Pennsylvania (see Patriot Commercial Leasing Co. v. Kremer Rest. Enters., LLC, 915 A2.d 647, 650-51, Pa. Super 2006) it is illogical

7

to argue that Pennsylvania has a compelling public interest in negating those forum selection clauses that require litigation elsewhere. Whiting-Turner, supra, at 4. The Whiting-Turner Court observed, we think prudently, that CASPA reflects the sort of "provincial attitude regarding the fairness of other tribunals" that the Supreme Court rejected in M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, at 12 (1972). This Court will adopt the reasoning of the District Court of Maryland and conclude that the policies underlying CASPA do not represent a compelling public policy interest of Pennsylvania. Accordingly, this Court concludes that Plaintiff has not carried its burden to demonstrate that public-interest factors overwhelmingly favor the annulment of the forum selection clause at issue as required by Atlantic Marine, supra, at 583.

**B.  Killian's Request for Attorney's Fees**

Killian has also moved that Plaintiff should be required to bear the cost of its attorney's fees incurred in litigating this motion. Because the Court perceives that the controlling case law here is of recent vintage and relatively complex, the Court sees no reason to depart from the usual practice of having each party bear its own legal costs.

**IV. Conclusion.**

For the reasons expressed in the foregoing discussion, the Court will direct: (1) that Killian's motion to dismiss be

8

construed as a motion to transfer pursuant to 28 U.S.C. § 1404(a) and granted; and (2) that Killian's request for attorney's fees in connection with this motion be denied.

An Order consistent with this conclusion will be filed simultaneously herewith.

BY THE COURT

<u>S/Richard P. Conaboy</u>  
Honorable Richard P. Conaboy  
United States District Court

Dated: April 28, 2014

construed as a motion to transfer pursuant to 28 U.S.C. § 1404(a) and granted; and (2) that Killian's request for attorney's fees in connection with this motion be denied.

An Order consistent with this conclusion will be filed simultaneously herewith.

BY THE COURT

<u>S/Richard P. Conaboy</u>
Honorable Richard P. Conaboy
United States District Court

Dated: April 28, 2014