IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

*KNL Construction, Inc.*        :
   *Plaintiff,*                 : *Case No. 3:14-CV-412*
   *v.*                         : *(Judge Richard P. Conaboy)*
*Killian Construction Co., Inc.* :
   *Defendant.*                 :

___

**Memorandum**

We consider here two motions by Plaintiff KNL Construction, Inc. ("KNL"). These motions are: (1) a Motion for Reconsideration of this Court's Order of April 28, 2014 (Doc. 18); and (2) an Application for Allowance to Make an Interlocutory Appeal (Doc. 20). Both motions have been extensively briefed by KNL and Defendant Killian Construction Co., Inc. ("Killian") and both are ripe for disposition. For the reasons expressed below, KNL's Motion for Reconsideration (Doc. 18) will be denied and KNL's Application for Interlocutory Appeal (Doc. 20) will be granted.

**I.   Background.**

This case involves a dispute between a prime contractor, Killian, and a subcontractor, KNL, that arises from a contract they entered in connection with the construction of the Mohegan Sun Hotel in Luzerne County, Pennsylvania. The case was initially filed in the Luzerne County Court of Common Pleas and was

1

subsequently removed to this Court on diversity grounds.

By Order dated April 28, 2014, (Doc. 16) this Court transferred this case to the Western District of Missouri over KNL's objections.  The Court's Order was predicated largely on a recent decision of the United States Supreme Court, Atlantic Marine Construction Co., Inc. V. U.S. District Court for the Western District of Texas, 134 S.Ct. 568 (December 3, 2013), that affords a detailed explanation of why forum selection clauses are to be given great deference.  After a close reading of Atlantic Marine, supra, this Court concluded that it was necessary to give effect to a forum selection clause in KNL's contract with Killian that clearly provided that all litigation involving the contract would be conducted in the Western District of Missouri.  KNL finds fault with this Court's analysis of the scope and meaning of Atlantic Marine.

**II.   KNL's Motion for Reconsideration (Doc. 18).**

KNL's Motion for Reconsideration asserts that this Court's Order of April 28, 2014 is based upon a manifest error of law. That error resides, according to KNL, in this Court's conclusion that the enforceability of the forum selection clause at issue is a matter of federal procedural law.  KNL contends further that this Court's analysis of the enforceability of the forum selection clause should have begun and ended with the recognition that Pennsylvania's Contractor and Subcontractor Payment Act (CASPA), 73

2

P.S. 501 et seq., categorically renders invalid all such statutes. (Doc. 26 at 6-7). KNL also argues that Atlantic Marine actually supports its position because it accords deference only to "contractually valid" forum selection clauses and CASPA supposedly renders the forum selection clause in this case void ab initio. (See Atlantic Marine at 581, n. 5).

This Court must disagree with Killian's contention that CASPA renders invalid forum selection clauses that are agreed to by parties bargaining at arms length in the context of a construction project. Killian's argument that questions of venue are substantive rather than procedural, and therefore governed by state law under the Erie Doctrine, is plainly suspect. A recent, well-reasoned opinion in the Second Circuit observed:

> Distinguishing between the enforceability and the
> interpretation of forum selection clauses, moreover,
> accords with the traditional divide between procedural
> and substantive rules developed under Erie Railroad
> Company v. Tompkins 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed.
> 1188 (1938). "<u>Questions of venue and the enforcement of
> forum selection clauses are essentially procedural,
> rather than substantive, in nature," and therefore should
> be governed by federal law. Jones, 901 F.2d at 19, See
> Am. Dredging Company v. Miller, 510 U.S. 443, 453, 114
> S.Ct. 981, 127 L.Ed. 2d. 285 (1994)</u>. ("[V]enue is a

3

> matter that goes to process rather than substantive rights...."). Although the Supreme Court recently distinguished the inquiry into whether venue is proper under 28 U.S.C. § 1391(b) from the enforceability of a forum selection clause, it made clear that the enforceability of a forum selection clause in the federal courts is resolved under federal law. 28 U.S.C. § 1404(a), which represents "nearly a codification of the doctrine of forum non conveniens," governs the subset of cases in which the transferee forum is within the federal system"; meanwhile, the "residual doctrine of forum non conveniens," which "has continuing application in federal courts," governs where the forum selection clause calls for a non-federal forum." Atlantic Marine, 134 S.Ct. at 580. (emphasis supplied).

Martinez v. Bloomberg LP et al, 740 F.3d 211, 220-21, (2014).

This Court is also skeptical that Justice Alito's reference in the aforementioned footnote 5 of the Atlantic Marine decision to "contractually valid" forum selection clauses was motivated, as inferred by KNL, by any recognition of the inherent validity of state statutes that undercut the sanctity of contract by prohibiting such clauses. Atlantic Marine did not address a situation involving application of a state statute resembling CASPA. The Court concludes that duly negotiated forum selection

clauses are categorically valid under Atlantic Marine unless, as discussed in that decision (see Atlantic Marine at 581-82), a compelling state interest exists to negate them.  Moreover, this Court does not accept the premise that every statute passed in a state legislature reflects a compelling state interest.  We are buttressed in this perception by an opinion of the Fourth Circuit that subordinated a South Carolina statute similar to CASPA to the requirements of a forum selection clause that mandated litigation elsewhere.  See Albemarle Corp. v. Astra Zeneca U.K., Ltd., 628 F.3d 643 (Fourth Cir. 2010).

KNL's arguments have failed to persuade this Court that its previous opinion in this matter was flawed due to a "manifest error of law" as required by the law of our circuit.[1]  See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d. Cir. 1999).  Accordingly, KNL's Motion for Reconsideration of this Court's Order of April 28, 2014 (Doc. 18) will be denied.

**III. KNL's Motion for Allowance to Make an Interlocutory Appeal (Doc. 20).**

KNL argues in support of this motion that all prerequisites to an interlocutory appeal are present in the instant case. (Doc. 21 at 2-3).  KNL states correctly that an interlocutory appeal should be granted when the trial court determines:

---

[1] KNL makes no argument regarding other considerations - - a change in the law or the discovery of new evidence – that could justify reconsideration of our previous Order.

>   (1) the trial court's order involved a controlling issue of law;
>
>   (2) there is a substantial ground for difference of opinion as to the controlling issue of law; and
>
>   (3) an immediate appeal may have the potential to materially advance the ultimate determination of the case.

Id. (Citing Katz v. Carte Blanche Corp. 496 F.2d 747, 753-54 (3d. Cir. 1999).

The Court finds that each of the aforementioned prerequisites to an interlocutory appeal are present here.  There can be no question that the order KNL complains of involved a controlling issue of law- -whether a federal court's decision on a question of venue is inherently procedural or substantive.  Also, the Court finds that the pivotal case, Atlantic Marine, articulates complex legal analysis that is reasonably susceptible to diverse interpretations.  Finally, it makes little sense to this Court to allow this matter to go forward in Missouri without obtaining further appellate clarification on the scope of Atlantic Marine in cases of this nature.[2]

Thus, because we find that this case involves all three prerequisites necessary to the propriety of an interlocutory

---

[2] We have reviewed Killian's arguments (Doc. 25) that this Court's transfer of this matter to the Western District of Missouri and KNL's allegedly tardy filing of its Application for Interlocutory Appeal require denial of the application and find them plainly erroneous.

appeal, KNL's Application for Permission to Take an Interlocutory Appeal (Doc. 20) will be granted.  An Order consistent with these findings will be issued contemporaneously herewith.

**BY THE COURT**

                                              <u>S/Richard P. Conaboy</u>
                                              **Honorable Richard P. Conaboy**
                                              **United States District Court**

**Dated:** August 21, 2014